STATE of Iowa, Appellee,

v.

Robert WILCOXEN, Appellant.

No. 95–0436.

Court of Appeals of Iowa.

March 27, 1996.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, William E. Davis, County Attorney, and Michael Walton, Assistant County Attorney, for appellee.

Heard by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

Robert Wilcoxen appeals the judgment and resulting life sentence imposed following his conviction of first-degree kidnapping in violation of Iowa Code section 710.2 (1993). We affirm.

Wilcoxen was charged with two counts of second-degree sexual abuse and first-degree kidnapping based on allegations he lured a six-year-old child to a secluded area of East

Davenport, Iowa, where he forced the child to perform multiple sex acts. Wilcoxen pled guilty to one count of second-degree sexual abuse. His jury trial on the remaining charges resulted in guilty verdicts. Wilcoxen's jury trial conviction of second-degree sexual abuse merged with his first-degree kidnapping conviction as provided by Iowa Code section 701.9 (conviction of lesser-included offense merges with conviction of greater offense). Wilcoxen was sentenced to a life term on the kidnapping conviction and an indefinite twenty-five-year term on his guilty plea sexual abuse conviction.

The trial record indicates that C.T., a six-year-old girl, accompanied Wilcoxen and her mother to an auction at East Turner Hall in Davenport on September 11, 1994. Wilcoxen, C.T., and several other children left the auction and walked to a nearby playground while C.T.'s mother remained at the auction. C.T. and the other children returned to the auction periodically. Shortly before the auction ended, C.T.'s mother saw C.T. sitting at a table with Wilcoxen. Another witness saw C.T. leave the auction with Wilcoxen and when asked where they were going, C.T. said Wilcoxen was taking her to "the swing and play."

The record also includes evidence that Wilcoxen did not take C.T. to the playground, but that he instead took her to a secluded area approximately the same distance from East Turner Hall as the playground, where he sexually abused her. C.T.'s mother estimated C.T. was missing for approximately thirty minutes before C.T. returned to the auction with Wilcoxen. C.T.'s testimonial account of these events includes a description of oral, anal, and vaginal intercourse with Wilcoxen.

C.T.'s mother testified that she had not asked Wilcoxen to watch the children at the auction and denied giving him permission to take the children to the playground. Her testimony conflicted with Wilcoxen's claim that she asked him to watch the children and gave him permission to take C.T. to the playground. Wilcoxen's version was bolstered by another witness who testified C.T.'s mother asked Wilcoxen to take the children to the playground and that she did not, as she claimed, ask this witness to watch her children.

■ On appeal Wilcoxen challenges the sufficiency of the evidence supporting his first-degree kidnapping conviction. He argues C.T.'s sexual abuse occurred within a thirty-minute time period and at a location no further from the auction than the playground where he had consent to take C.T. Wilcoxen therefore contends that C.T.'s removal and confinement were merely incidental to her sexual abuse and insufficient to support a first-degree kidnapping conviction. Wilcoxen does not challenge either of his sexual abuse convictions.

■ Our standard of review is well settled. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

Iowa Code section 710.1 provides:

A person commits kidnapping when the person either confines ... or removes a person from one place to another, knowing that the person has neither the authority nor the consent of the other to do so; provided, that to constitute kidnapping the act must be accompanied by one or more of the following:

. . . .

3. The intent ... to subject the person to a sexual abuse.

■ In *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981), our supreme court held the terms "confines" or "removes" require more than the confinement or removal inherent to the crime of sexual abuse. The finder of fact is guided by the following standards when

determining whether the evidence demonstrates confinement or removal sufficient to support a charge of kidnapping:

> 1. No minimum period of confinement or distance of removal is required for conviction of kidnapping.
>
> 2. The period of confinement or distance of removal must exceed what is normally incidental to the commission of sexual abuse.
>
> 3. The confinement or removal must have significance independent from the act of sexual abuse itself in one of the following ways:
>
> > a. Substantially increase the risk of harm to the victim.
> >
> > b. Significantly lessen the risk of detection.
> >
> > c. Significantly facilitate escape following the consummation of the sex abuse offense.

*Id.* Although these standards were intended to prevent other offenses that include removal and confinement from being swallowed up by the literal language of the kidnapping statute, we are increasingly concerned about their efficacy. This is particularly so in cases such as this involving highly inflammatory circumstances. We, despite our misgivings are duty bound to apply these standards because they are "unquestionably the law in Iowa today." *State v. Misner,* 410 N.W.2d 216, 222 (Iowa 1987); *see also State v. McGrew,* 515 N.W.2d 36, 39–40 (Iowa 1994). We are also mindful that our task is limited to reviewing the record to determine whether sufficient evidence supports the verdict.

In this case we find substantial evidence from which the jury could find Wilcoxen lured C.T. away from her mother by telling C.T. he would take her to the swing and play. There is also evidence from which the jury could find that Wilcoxen led C.T. to a secluded area two to three blocks away where he sexually abused her. We are unable to say as a matter of law Wilcoxen's deceptive ploy and the distance of C.T.'s removal did not have a significance independent of C.T.'s sexual abuse. A rational finder of fact could conclude that Wilcoxen's actions significantly lessened the risk of his detection. We accordingly conclude Wilcoxen's first-degree kidnapping conviction is supported by substantial evidence.

The judgment of the district court is therefore affirmed.

**AFFIRMED.**

HABHAB, J., concurs.

SACKETT, P.J., concurs specially.

SACKETT, Presiding Judge (concurring specially).

I concur with the majority's decision, applying recent case law, there is substantial evidence to prove beyond a reasonable doubt the defendant is guilty of first-degree kidnapping.

First-degree kidnapping is punished by life in prison. Kidnapping in some cases is easily defined where the person is abducted for the sole purpose of holding him or her for ransom or as a hostage. In these cases, kidnapping is the central crime.

Clearly, kidnapping was not the central crime here; sexual abuse in the second degree was. However, by elevating the crime to kidnapping, the punishment is elevated to life in prison without the possibility of parole, the most severe sentence a defendant can receive in Iowa.

The victim here was returned in a relatively short period of time. The victim could identify her assailants. If penalties preclude persons from committing crimes, and there are those who believe they do, what incentive does an abuser have in allowing the victim to return alive?

If the legislature wants sexual abuse to be punished by life in prison, then the crime should be so punished. I have difficulty with decisions finding kidnapping has been committed when the victim is returned in a very short period of time after the act of sexual abuse occurs.